# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY MAYER, | ) | |
| *Plaintiff,* | ) ) ) | |
| -vs- | ) ) ) | Case No. 18-cv-8359 |
| | ) | Judge Edmond E. Chang |
| THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS, | ) ) ) ) | |
| *Defendants.* | ) | |

## **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants, THOMAS DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, by their attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Special Assistant State's Attorneys, JOHNSON & BELL, LTD., move for judgment on the pleadings and state as follows:

## **INTRODUCTION**

Plaintiff, Anthony Mayer, an inmate at the Cook County Jail ("Jail"), alleges that his constitutional rights are being violated because he has not received treatment for tooth pain. Plaintiff alleges that the Jail's policy is to delegate to dental assistants the responsibility to schedule dental appointments for inmates and that this policy is the proximate cause of Plaintiff not receiving treatment for tooth pain. Plaintiff alleges Defendants are liable because they are aware this policy causes inmates unnecessary pain. This Court should grant Defendants' motion for judgment on the pleadings because Plaintiff has failed to allege factual content showing it is plausible that a policy or custom of Sheriff Dart or Cook County caused Plaintiff any harm.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(c), "a party can move for judgment on the pleadings after the filing of the complaint and answer." *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007); *see also* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). A motion for judgment on the pleadings under Rule 12(c) "is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014); *see also Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) ("A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6).").

Therefore, in ruling on a motion for judgment on the pleadings, courts "must determine whether the complaint states 'a claim to relief that is plausible on its face.'" *Gill*, 850 F.3d at 339 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"In reviewing the sufficiency of a complaint under the plausibility standard announced in *Twombly* and *Iqbal*, [courts] accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (affirming dismissal of *Monell* claim where "alleged 'facts' [were] actually legal conclusions or elements of the cause of action, which may be disregarded on a motion to dismiss"). After accepting well-pleaded facts as true and drawing all inferences in the plaintiff's favor, a plaintiff

can survive a motion [for judgment on the pleadings] only if his claim is "plausible rather than merely conceivable or speculative." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014).

In addition, "[a] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts. Allegations in a complaint are binding admissions, and admissions can of course admit the admitter to the exit from the federal courthouse." *D.B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013) (quoting *Jackson v. Marion County*, 66 F.3d 151, 153–54 (7th Cir. 1995) (citations omitted)); *see also Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016); *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). The court is not required to "ignore facts set forth in the complaint that undermine the plaintiff's claim . . . ." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

## **ARGUMENT**

In determining whether the complaint states a claim that is plausible on its face, courts "begin by taking note of the elements a plaintiff must plead to state a claim . . . ." *Iqbal*, 556 U.S. at 675. In the present case, Plaintiff is not suing any individual medical professional whom he believes caused him to receive delayed treatment. Rather, Plaintiff is suing Thomas Dart, in his official capacity as Sheriff of Cook County, and Cook County ("County").

Under U.S. Supreme Court precedent, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* In

other words, § 1983 imposes liability on a municipality only when an official policy or custom "causes an employee to violate another's constitutional rights." *Id.* at 692 (internal quotation marks omitted); *see also Glisson v. Ind. Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) ("The critical question under *Monell* . . . is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents."). Consequently, to survive Defendants' Rule 12(c) motion for judgment on the pleadings, Plaintiff's complaint must contain "factual content" that allows the Court "to draw the reasonable inference" that a policy or custom of Sheriff Dart or the County caused Plaintiff not to receive treatment for tooth pain. *Twombly*, 550 U.S. at 570.

The Seventh Circuit has primarily "identified three different ways in which a municipality or other local governmental unit might violate § 1983: (1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a 'wide-spread practice' that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with 'final decision policymaking authority.'" *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (quoting *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)).

Regardless of which of the three theories of *Monell* liability a plaintiff proceeds under, "to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom not only caused the constitutional violation, but was 'the moving force' behind it." *Estate of Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). Since Plaintiff has failed to meet this standard, judgment should be entered in favor of Defendants Dart and Cook County.

**A.      This Court Should Enter Judgment in Favor of Defendants Dart and Cook County Because Plaintiff Has Not Alleged Factual Content Showing that the Policy at Issue Was the "Moving Force" Behind the Alleged Constitutional Violation.**

Plaintiff, in his complaint, alleges that "[t]he policy of defendant Cook County is to delegate sole responsibility to the dental assistant to schedule all dental appointments" and that Dr. Jorelle Alexander, the Cook County Director of Oral Health, developed this scheduling protocol in 2013. (Compl. ¶¶ 10, 18–19 ECF No. 1.) Plaintiff alleges that "Defendants Dart and Cook County are aware that many inmates suffer unnecessary and gratuitous pain because of the policy to schedule inmates for dental treatment." (*Id.* ¶ 24.) Plaintiff ultimately alleges that "[a]s a direct and proximate result of defendants' failure to correct this obvious defect in the policy of scheduling patients for dental care," Plaintiff experienced pain and was deprived of his constitutional rights. (*Id.* ¶ 25.)

Simply alleging a municipal policy and a deprivation of federal rights, however, is insufficient to state a *Monell* claim under § 1983. "[I]n enacting § 1983, Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 400 (1997) (quoting *Monell*, 436 U.S. at 694). Consequently, to state a *Monell* claim—and to survive a motion for judgment on the pleadings—"the plaintiff must allege causation: the plaintiff must connect the policy or custom to the constitutional deprivation by alleging that the former was the 'moving force' behind the latter." *Harper v. Dart*, No. 14 C 01237, 2015 U.S. Dist. LEXIS 142871, at *7 (N.D. Ill. Oct. 21, 2015).

In the present case, Plaintiff alleges that delegating scheduling duties to dental assistants causes delays in treatment because "[d]ental assistants at the Jail are not trained to assess or diagnose dental pain." (*Id.* ¶¶ 21–22.) The underlying premise of Plaintiff's claim is that medical

professionals who are trained to assess and diagnose dental pain are the *only* professionals who can schedule inmate appointments. This premise clearly lacks any merit, and so does Plaintiff's claim. It is implausible on its face that Defendants can be held liable for an alleged policy of delegating scheduling to dental assistants.

Furthermore, Plaintiff has pleaded himself out of court by effectively admitting that the scheduling policy is not the "moving force" behind the alleged delays in treatment. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007) ("A complaint can also allege too much; a plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery."). Plaintiff freely admits in his complaint that it is the County's policy that "[a]ll HSRFs complaining of dental pain . . . are to be processed as 'urgent' by the dental assistant and scheduled to see a dentist within three business days." (*Id.* ¶ 11.) As alleged in Plaintiff's own complaint, then, it is the County's policy that when an inmate complains of dental pain, the dental assistant must schedule the inmate to be seen by a dentist within three business days. Consequently, because of this alleged policy, it is completely irrelevant whether a dental assistant is "trained to assess or diagnose dental pain" since no assessment or diagnosis is required to schedule an appointment with a dentist once an inmate complains of dental pain.

The County's policy, as alleged in Plaintiff's complaint, is simple and straightforward: If an inmate complains of dental pain—*any* dental pain—the dental assistant must process his request as "urgent" and schedule the inmate to see a dentist within three business days. No discretion is involved, and it is not necessary for the dental assistant to "assess" or "diagnose" anything. Regardless of whether the schedulers are trained to assess and diagnose dental pain or not, the result is the same: if an inmate complains of dental pain, they are to see a dentist within three days. This is "lack of causation" at its core. *See Lossman v. Pekarske*, 707 F.2d 288, 291

(7th Cir. 1983) (stating that since "the same result presumably would have been reached . . . , the alleged [constitutional deprivation] was not a necessary condition, or 'but for' cause, of the [alleged harm]").

In the end, the two policies alleged in Plaintiff's complaint—that scheduling is delegated to dental assistants who are not trained to assess or diagnose dental pain, and that all inmates with dental pain are to be scheduled to see a dentist within three days—in conjunction, negate the inference that the scheduling policy is the *moving force* behind any alleged delays in treatment. The two policies, considered together—and they must be considered together since both are alleged in Plaintiff's complaint—clearly establish that whether or not dental assistants are trained to assess or diagnose dental pain has no causal effect on delays in treatment since dental assistants must schedule inmates who complain of any dental pain to see a dentist within three days.

Based on Plaintiff's own allegations, it is implausible that the County's alleged scheduling policy was the "moving force" behind Plaintiff not receiving treatment for tooth pain. Therefore, judgment must be entered in favor of Defendants Dart and Cook County because Plaintiff's complaint fails to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## **CONCLUSION**

WHEREFORE, based on the foregoing, Defendants, THOMAS DART, in his official capacity as Sheriff of Cook County, and COOK COUNTY, ILLINOIS, move this Honorable Court to enter judgment on the pleadings in favor of Defendants and for such further relief the Court finds just and reasonable.

Respectfully submitted,

JOHNSON & BELL, LTD.

Dated August 6, 2019          */s/ Jack E. Bentley*
One of the Attorneys for Defendants


Brian P. Gainer (gainer@jbltd.com)
Monica Burkoth (burkothm@jbltd.com)
Ahmed A. Kosoko (kosokoa@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Jack E. Bentley (bentleyj@jbltd.com)
Michael R. Sherer (msherer@jbltd.com)
Zachary A. Pestine (pestinez@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372 0770

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I caused to be served the foregoing document on August 6, 2019, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

> */s/ Jack E. Bentley*
> One of the Attorneys for Defendants

Brian P. Gainer (gainer@jbltd.com)
Monica Burkoth (burkothm@jbltd.com)
Ahmed A. Kosoko (kosokoa@jbltd.com)
Lisa M. McElroy (mcelroyl@jbltd.com)
Jack E. Bentley (bentleyj@jbtld.com)
Michael R. Sherer (msherer@jbltd.com)
Zachary A. Pestine (pestinez@jbltd.com)
Samuel D. Branum (branums@jbltd.com)
Johnson & Bell, Ltd.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
(312) 372 0770